1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALVIN S. LYNN,                              No.  2:14-cv-2601 WBS KJN P

12                  Petitioner,

13        v.                                      FINDINGS & RECOMMENDATIONS

14   SACRAMENTO COUNTY SUPERIOR
     COURT,
15
                    Respondents.
16

17          Petitioner is a state prisoner proceeding without counsel.  On November 6, 2014,

18   petitioner filed a petition for writ of error coram vobis.[1]  By order filed February 3, 2015, this

19   action was dismissed without prejudice.  On June 12, 2016, petitioner requested that the instant

20   action be reopened.  Petitioner states that "[d]isabilities, retaliation, legal mail tampering, and

21   clandestine attacks by correctional officers have all but not totally blocked [his] access to the

22   courts."  (ECF No. 8 at 1.)  Petitioner claims he enclosed a response to an order issued in Lynn v.

23   Grecco, Case No. 2:15-cv-0669 (E.D. Cal.), and claims that on the last page is his "permission to

24   proceed in forma pauperis" and contends the "entire response" is relevant to the instant case.

25   Petitioner also states that there is another case, No. 2:14-cv-2690 KJN, to which the permission to

26

     _____
27   [1]  Similar to a writ of error coram nobis, a writ of error coram vobis asks "the same court which
     had rendered the judgment to reconsider it."  See People v. Kim, 45 Cal.4th 1078, 1091-92, 90
28   Cal. Rptr.3d 355, 366 (2009).

                                              1

proceed in forma pauperis should be applied.  (ECF No. 8 at 1.)  However, no documents were appended to petitioner's one page filing, and nothing within petitioner's filing reflects that he was granted leave to proceed in forma pauperis.

The undersigned construes plaintiff's motion as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner has failed to demonstrate that he is entitled to relief from judgment under Rule 60(b).  Moreover, review of the petition reflects that re-opening this case would be futile.  First, writs of coram vobis have been abolished in federal civil practice.  Fed. R. Civ. P. 60(e).

Second, judicial findings in Grecco, Case No. 2:15-cv-0669 (E.D. Cal.), confirm that petitioner had not exhausted his state court remedies at the time he filed the instant petition in 2014.  In the November 6, 2014 petition for writ of error coram vobis, petitioner challenges his 2010 conviction in the Sacramento County Superior Court, Case No. 09F01642.  (ECF No. 1.) Petitioner claims that District Attorney Sherri Greco[2] colluded with defense attorney Clark Head to plant blood evidence, falsify court documents, manipulate photographs, and suppress or

---

[2]  Although petitioner named District Attorney Sherri "Grecco" as a defendant in No. 2:15-cv-0669 WBS GGH, he referred to her as "Greco" in both petitions and subsequent filings.

2

1   conceal crime scene investigation reports.  Petitioner appears to seek DNA testing of blood

2   allegedly found on his shoe.  (ECF No. 1 at 3.)

3       However, petitioner subsequently filed a petition for writ of mandate, also challenging the

4   2010 conviction, which another court construed as a petition for writ of habeas corpus.  Grecco,

5   No. 2:15-cv-0669 WBS GGH (E.D. Cal.).  In Grecco, petitioner also claimed that Greco colluded

6   with Head to conceal C.S.I. reports, plant blood, manipulate photographs, falsify documents, etc.

7   Id. (ECF No. 13 at 1.)  The other court reviewed petitioner's state court records and determined

8   that "petitioner did not raise any claim concerning misconduct by the prosecutor or defense

9   counsel," or raise an issue concerning DNA in his appeal filed in the Court of Appeal.  Id. (ECF

10  No. 13 at 1.)  Although petitioner appended a motion for DNA testing pursuant to Cal. Penal

11  Code § 1405 in superior court case number 09F01642, signed by petitioner on January 29, 2012,

12  the court in Grecco found that there was no indication the motion was actually filed in the

13  superior court, or that petitioner pursued the DNA claim through the California Supreme Court.

14  Grecco, No. 2:15-cv-0669 WBS GGH (ECF No. 13 at 6.)  The court in Grecco determined that

15  petitioner had failed to exhaust his state court remedies, and ordered petitioner to show cause why

16  the petition should not be dismissed without prejudice.  Id. (ECF No. 13 at 6.)  On July 2, 2015,

17  the court noted that despite petitioner filing five separate responses to the order to show cause,

18  petitioner failed to state facts showing he had exhausted his state court remedies, and

19  recommended that the petition be dismissed without prejudice.  Id. (ECF No. 20.)

20      The exhaustion of state court remedies is a prerequisite to the granting of a petition for

21  writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement

22  by providing the highest state court with a full and fair opportunity to consider all claims before

23  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

24  Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

25      Here, because the writ of error coram vobis has been abolished, petitioner must challenge

26  his state court conviction through a petition for writ of habeas corpus.  See 28 U.S.C. § 2254.

27  However, petitioner may not file a habeas petition in federal court until he exhausts his state

28  ////

3

1    judicial remedies.  Because it appears petitioner had not exhausted his state court remedies prior

2    to filing the instant action, reopening this case would be futile.

3            Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to reopen this

4    case (ECF No. 8), construed as a motion for relief from judgment, be denied.

5            These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

7    after being served with these findings and recommendations, petitioner may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

10   he shall also address whether a certificate of appealability should issue and, if so, why and as to

11   which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

12   applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

13   § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may

14   waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

15   1991).

16   Dated:  July 21, 2015

17

18                                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE
19   /lynn2601.60b

20

21

22

23

24

25

26

27

28

                                                     4